```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

HECTOR R. SANABRIA,              :
                                 :    Civil Action No. 12-2345 (SDW)
          Petitioner,            :
                                 :
     v.                          :    OPINION
                                 :
CHARLES E. WARREN, et al.,       :
                                 :
          Respondents.           :
```

**APPEARANCES:**

**HECTOR R. SANABRIA,** Petitioner pro se
204442/921980
New Jersey State Prison
P.O. Box 861
Trenton, N.J. 08625

**WIGENTON,** District Judge

Petitioner Hector Sanabria ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles E. Warren and the Attorney General of New Jersey. For the reasons stated below, it appears that this petition is subject to dismissal as a successive petition.

**I. BACKGROUND**

The petition challenges a September 19, 1986 judgment of conviction entered in criminal docket number 85-05-492-1 by the Superior Court of New Jersey, Law Division in Passaic County. (Pet. ¶¶ 1-2.) According to the petition, Petitioner was

convicted of counts one and two: first degree murder in violation of N.J.S.A. 2C:11-3A(1)&(2); count three: third degree possession of a handgun without a permit in violation of N.J.S.A. 2C:39-5b; count four: second degree possession of a firearm for an unlawful purpose in violation of N.J.S.A. 2C:39-4a. (Id. at ¶ 5.) Petitioner was sentenced to thirty years to life. (Id. at ¶ 3.)

Petitioner filed an appeal with the Appellate Division and on October 12, 1988, they upheld his conviction but remanded for re-sentencing on count four. (Id. at ¶ 9; State v. Sanabria, A-1077-86T4.) Petitioner filed a petition for certification with the New Jersey Supreme Court, which denied was denied. State v. Sanabria, 111 N.J. 632 (June 21, 1988). (Id.) Petitioner did not file a petition for certiorari with the United States Supreme Court. (Id.)

On July 25, 1990, Petitioner filed a petition for post-conviction relief ("PCR"). (Id. at ¶ 11.) His petition was denied on February 28, 1992. (Id.) On February 17, 1999, Petitioner filed a second PCR petition, which was denied on July 11, 2000. (Id.) Petitioner filed a third petition on April 30, 2002, which was denied on July 28, 2010. (Id.)

Petitioner has previously filed four habeas petitions in this district. See Sanabria v. State of New Jersey, Civil Action No. 93-3024 (AJL); Sanabria v. Ricci, Civil Action No. 09-3269 (FLW); Sanabria v. Hendricks, Civil Action No. 04-710 (WJM);

Sanabria v. Hendricks, Civil Action No. 04-3686 (KSH).  In Sanabria v. Hendricks, Civil Action No. 04-3686 (KSH), Petitioner also challenged the same September 19, 1986 judgment of conviction that is challenged here.  He raised claims based on ineffective assistance of appellate counsel and improper jury charges/instructions.  (See Sanabria v. Hendricks, Civil Action No. 04-3686 (KSH), Docket Entry No. 1, Pet.)  The court denied the petition on the merits.  (Id. at Docket Entry Nos. 14 & 15.)

On April 19, 2012, Petitioner filed the instant habeas petition.  (Docket Entry No. 1.)  He raises three grounds: (1) ineffective assistance of trial counsel for failure to adequately communicate the prosecution's plea offer; (2) failure to properly charge the jury; and (3) the grand jury indictment returned against Plaintiff was not based on any evidence.

**II. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs a district court's adjudication of a second or successive § 2254 petition.[1]  Specifically, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

---

[1] Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a).

appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2] Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9.

Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over an second or successive § 2254 petition, absent authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or

---

[2] Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the Court of Appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2). See 28 U.S.C. § 2244(b)(3)(D). See Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). Section 2244(b)(2) provides:
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

4

obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court appears to be a "second or successive" habeas application for which Petitioner has not sought or obtained authorization from the Court of Appeals to file in this Court.[3]  Petitioner has "twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, [this] Court [is] without jurisdiction to entertain it."  Burton, 549 U.S. at 153. "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

For the foregoing reasons, an order will be issued giving Petitioner the opportunity to show cause why his petition should not be dismissed as second or successive.

**III. CONCLUSION**

Since it appears to this Court that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to

---

[3] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b).

dismissal for lack of jurisdiction, the Court will order Petitioner to show cause in writing why his petition should not be dismissed as second or successive.  An appropriate order follows.

Dated: October 26, 2012

                                        s/Susan D. Wigenton
                                        SUSAN D. WIGENTON
                                        United States District Judge